J-S50008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ISRAEL PEREZ | |
| Appellant | No. 2155 MDA 2015 |

Appeal from the Judgment of Sentence November 5, 2015
in the Court of Common Pleas of Berks County Criminal Division
at No(s): CP-06-CR-0002767-2013

BEFORE: MUNDY, STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED JULY 21, 2016**

Appellant, Israel Perez, appeals from the judgment of sentence entered in the Berks County Court of Common Pleas. Appellant challenges the weight and sufficiency of the evidence, and the discretionary aspects of his sentence. We affirm.

The trial court summarized the facts as follows:

> In December of 2012, [Victim] lived in a row house at 539 Maple Street in the City of Reading. [N.T., 4/28/15,] at 22. [Victim] had lived in the house since August of 2012, and by December she was living by herself.[1] *Id.* at 22-23. Appellant was [Victim's] landlord, and he lived next door . . . with his wife and children. *Id*. at 23, 26.
>
> [Victim] suffers from physical and mental disabilities. [Victim] had no key to her residence, and the only

---

[*] Former Justice specially assigned to the Superior Court.

[1] When Victim first moved into the house, she moved in with Bobby Strauss. *Id.* at 22. Bobby's mother and her boyfriend were living there prior to August 2012. *Id.* at 23.

available phones were next door at Appellant's house. *Id.* at 25 [ ]. Appellant's wife, Mag, helped [Victim] with errands such as doctor's appointments and shopping. *Id.* [at 26.] Mag also managed [Victim's] finances. *Id.* at 26-27. [Victim] had less involvement with Appellant because of their language barrier—he spoke Spanish, and [Victim] spoke English. *Id.* at 27-28.

At around 8:00 P.M. on December 23, 2012, [Victim] was sitting on her bed writing recipes. *Id.* at 28. [Victim] slept on the first floor of her house in a hospital bed. *Id.* at [25-]26. Suddenly, [Victim] got the sense that someone was in the room. *Id.* at 30. She looked up and saw Appellant standing at the foot of her bed with a shirt and no pants. *Id.* at 31. Appellant went to turn off the light, and [Victim] told him she would turn it off herself when she was done writing her recipes and ready for bed. *Id.* Appellant turned the light off anyway. *Id.* at 4[0].

Appellant came over to the bed, put [Victim's] legs up, and got on top of her. *Id.* at 3[1]. He inserted his penis in [Victim's] vagina after pulling her shorts down. *Id.* [at 32.] Appellant said nothing, and [Victim] was too scared and stunned to say much of anything. *Id.* Appellant eventually finished and left, while [Victim] laid in her bed scared and confused. *Id.* [Victim] eventually went to sleep. *Id.* at 33.

Two days later, [Victim] was at a friend's house for Christmas morning. *Id.* [ ] A friend named Bobby wanted to give [Victim] a hug and kiss, but she told him she did not want to be touched. *Id.* [at 34. Victim] returned to the house later that night, and she eventually told another friend [ ] named Kathy [Capece], what had happened. *Id.* at 34-35.

Kathy called the police, who came to speak with [Victim]. *Id.* at 35. [Victim] gave a statement and was taken to [Reading Hospital and Medical Center]. *Id.* Jessica Drexler, a forensic nurse, conducted a rape kit examination with [Victim], who was tearful and quiet. *Id.* at 49. [Victim] never returned to 539 Maple Street, not even to gather her possessions. *Id.* at 36, 60.

On March 11, 2013, Criminal Investigator Justin Uczynski spoke with Appellant about the investigation and drove him to City Hall. *Id.* at 61. Detective John Carrasquillo, who speaks Spanish, interviewed Appellant at City Hall. *Id.* at 64. Appellant stated that he never had a sexual relationship of any kind with [Victim]. *Id.* at 66. Appellant provided a DNA sample at that time. *Id.* at 67.

Timothy Gavel is a forensic scientist employed by the Pennsylvania State Police DNA Laboratory. *Id.* at 72. Gavel's investigation revealed that Appellant's DNA had been recovered from [Victim's] vagina and on her clothing. *Id.* at 79, 81.

Trial Ct. Op., 2/12/16, at 2-3.

Victim testified at trial that she graduated from high school at the age of 21. N.T. at 19. She took special classes. *Id.* She stopped working in 2001 because of an accident. *Id.* at 20-21. She testified as follows:

[The Commonwealth]: Did you ever go back to 539 Maple Street?

A: No.

Q: Not even once.

A: No.

Q: Where did you go?

A: I went to Bobby's and Kathy Capece's.

*Id.* at 35-36.

Jessica Drexler, a Sexual Assault Nurse Examiner, testified at trial. *Id.* at 46-47. The Commonwealth questioned Ms. Drexler about Victim's demeanor when she was relating the facts of the incident.

> [The Commonwealth]: And what was [Victim's] demeanor like when she was telling you this?
>
> A: She was very quiet, tearful.
>
> Q: How old was she that day?
>
> A: Forty-one.
>
> Q: Did she strike you as a typical woman of that age?
>
> A: No, she did not.
>
> Q: Why not?
>
> A: She required a lot of assistance getting around the treatment room. It was difficult for her to get on and off of the bed, to put her legs in the stirrups. To have the exam completed, she needed some assistance. She even needed some assistance standing and getting her clothing off.
>
> Q: Physically, you mean?
>
> A: Yes.
>
> Q: What was the issue?
>
> A: She just couldn't maneuver. She had some balance issues. She didn't walk very well.

*Id.* at 49-50.

Following a jury trial, Appellant was convicted of sexual assault[2] and indecent assault.[3] He was sentenced to five to ten years' imprisonment, with 891 days' credit for time served. Appellant filed post sentence motions,

---

[2] 18 Pa.C.S. § 3124.1.

[3] 18 Pa.C.S. § 3126(a)(1).

- 4 -

which were denied. This timely appeal followed. Appellant filed a court ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal and the trial court filed a responsive opinion.

Appellant raises the following issues for our review:

A. Whether the evidence was insufficient to support the guilty verdict for Sexual Assault [ ] where the Commonwealth failed to prove beyond a reasonable doubt that Appellant engaged in sexual intercourse with [Victim] without [Victim's] consent, where [Victim] testified that she did not communicate a lack of consent, either verbally or though physical cues, to Appellant.

B. Whether the evidence was insufficient to support the guilty verdict for Indecent Assault [ ] where the Commonwealth failed to prove beyond a reasonable doubt that [ ] Appellant had indecent contact with [Victim], or caused [Victim] to have indecent contact with Appellant, without [Victim's] consent, where [Victim] testified that she did not communicate a lack of consent, either verbally or through physical cues, to Appellant?

C. Whether the verdicts of guilt[y] for Sexual Assault [ ] and Indecent Assault are against the weight of the evidence where the Commonwealth only presented evidence as to [Victim's] lack of consent through Jessica Drexler and said evidence is wholly inconsistent with [Victim's] testimony that she never communicated a lack of consent, either verbally or through physical cues, to Appellant.

D. Whether the trial court abused its discretion in imposing a sentence of 5 years to 10 years of incarceration where the sentence was manifestly excessive based on the facts elicited at trial and Appellant's lack of any prior record, clearly unreasonable and contrary to the fundamental norms underlying the Sentencing Code and where the court imposed a sentence in the aggravated range of the sentencing guidelines without stating sufficient reasons on the record for the upward deviation.

Appellant's Brief at 5.

Appellant addresses his first two issues together. Appellant's Brief at 11. He argues

> [t]he evidence was insufficient to support the guilty verdicts for Sexual Assault and Indecent Assault where the Commonwealth failed to prove beyond a reasonable doubt that Appellant engaged in sexual intercourse or had indecent contact with [Victim] without her consent. Specifically, [Victim] testified that she did not communicate a lack of consent, either verbally or through physical cues, to Appellant.

*Id.*

Our review is governed by the following principles: "A claim challenging the sufficiency of the evidence is a question of law." *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000).

> [T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction . . . does not require a court to ask itself whether **it** believes that the evidence at the trial established guilt beyond a reasonable doubt. Instead, it must determine simply whether the evidence believed by the fact-finder was sufficient to support the verdict. . . .
>
> \*   \*   \*
>
> When reviewing the sufficiency of the evidence, an appellate court must determine whether the evidence, and all reasonable inferences deducible from that, viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all of the elements of the offense beyond a reasonable doubt. . . .

*Commonwealth v. Ratsamy*, 934 A.2d 1233, 1235-37 (Pa. 2007) (citations and quotation marks omitted).

Sexual assault is defined as follows:

> Except as provided in section 3121 (relating to rape) or 3123 (relating to involuntary deviate sexual intercourse), a person commits a felony of the second degree when that person engages in sexual intercourse or deviate sexual intercourse with a complainant without the complainant's consent.

18 Pa.C.S. § 3124.1. Regarding indecent assault, the statute provides that

> **(a) Offense defined.**—A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and:
>
> > (1) the person does so without the complainant's consent[.]

18 Pa.C.S. § 3126(a)(1).

Furthermore, the legislature also specified that "[t]he alleged victim need not resist the actor in prosecutions under this chapter[.]" 18 Pa.C.S. § 3107; *see also Commonwealth v. Smith*, 863 A.2d 1162, 1176 (Pa. Super. 2004) (citation omitted) (stating the crime of sexual assault is intended to fill the loophole left by the rape and involuntary deviate sexual intercourse statutes by criminalizing non-consensual sex where the perpetrator employs little if no force). "The testimony of a complainant need not be corroborated in prosecutions under this chapter." 18 Pa.C.S. § 3106.

Appellant's argument that there was insufficient evidence because Victim did not communicate, either verbally or non-verbally, her lack of consent is without merit. *See* 18 Pa.C.S. §§ 3106, 3107; *Smith*, 863 A.2d at 1176. In the case at bar, reviewing the evidence in the light most favorable to the Commonwealth as verdict winner we find there is sufficient evidence to allow the jury to find every element of the crimes of sexual assault and indecent assault beyond a reasonable doubt. *See Ratsamy*, 934 A.2d at 1235-36, 1237.

Next, Appellant contends

> [t]he guilty verdicts were against the weight of the evidence where the Commonwealth only presented evidence as to [Victim's] lack of consent through Jessica Drexler and said evidence is wholly inconsistent with [Victim's] testimony that she never communicated a lack of consent to Appellant.

Appellant's Brief at 13. He raises virtually the same arguments as he did for the sufficiency of the evidence.

Our Supreme Court has held that

> [a] motion for a new trial alleging that the verdict was against the weight of the evidence is addressed to the discretion of the trial court. An appellate court, therefore, reviews the exercise of discretion, not the underlying question whether the verdict is against the weight of the evidence. The factfinder is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. The trial court will award a new trial only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and

> inferences of record disclose a palpable abuse of discretion. Thus, the trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings.

***Commonwealth v. Ramtahal***, 33 A.3d 602, 609 (Pa. 2011) (citations omitted).

Instantly, the trial court found no merit to Appellant's claim that the verdict was against the weight of the evidence. Trial Ct. Op. at 6-7. Appellant asks this Court to reweigh the evidence. This we cannot do. ***See Ramtahal***, 33 A.3d at 609. Instantly, the jury's verdict was "not so contrary to the evidence as to shock one's sense of justice." ***See id.*** We discern no abuse of discretion by the trial court. ***See id.***

Lastly, Appellant challenges the discretionary aspects of his sentence. He claims

> [t]he sentencing court abused its discretion in imposing a 5 to 10 year sentence where the sentence was manifestly excessive based on the facts elicited at trial and Appellant's lack of a prior record, where the sentence was clearly unreasonable and contrary to the fundamental norms underlying the Sentencing Code, and the court imposed a sentence in the aggravated range without stating sufficient reasons on the record for the upward deviation.

Appellant's Brief at 15. Appellant avers that "[a]lthough a court is not required to state every factor that must be considered under [42 Pa.C.S. §] 9721(b), the record, as a whole, must reflect the court's due consideration of those statutory factors." ***Id.***

This Court has stated,

discretionary aspects of [an appellant's] sentence [ ] are not appealable as of right. Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by satisfying a four-part test.

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa. Super. 2015) (some citations omitted).

Instantly, Appellant timely filed his appeal, preserved the issue of an excessive sentence in his post-sentence motion, and included a statement in his brief which conforms with Pa.R.A.P. 2119(f). **See** Appellant's Brief at 8-9. Accordingly, we ascertain whether Appellant has raised a substantial question. **See Leatherby**, 116 A.3d at 83.

"A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa. Super. 2013) (quotation marks and citation omitted). "[A]rguments that the sentencing court failed to consider the factors proffered in 42 Pa.C.S. § 9721 . . . present a substantial question." *Id.* at 1272 n.8.

Appellant sufficiently alleges his sentence was excessive and the court failed to give due consideration to the statutory factors in Section 9721. We therefore find that Appellant has raised a substantial question. ***See id.*** at 1268, 1272 n.8.

Our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

***Commonwealth v. Bricker***, 41 A.3d 872, 875 (Pa. Super. 2012) (citation omitted).

"Our Supreme Court has determined that where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." ***Commonwealth v. Downing***, 990 A.2d 788, 794 (Pa. Super. 2010) (quotation marks and citation omitted).

At sentencing, the trial court stated:

> I've reviewed the PSI in this case. I've taken into account also the testimony that I heard during the trial of the case. I've taken into account the provisions of the sentencing guidelines. I've taken into account both the conclusion of Dr. Valliere that [Appellant] is a sexually violent predator as well as the contents of the report itself. I've taken into account the recommendations of both counsel. And I've

- 11 -

taken into account also those factors that defense counsel has cited relating to [Appellant's] possible deportation to Mexico.

N.T. Sentencing Hr'g, 11/5/15, at 9. Appellant, at sentencing, stipulated to the report of Dr. Valliere. *Id.* at 3. The Court explained to Appellant "that by stipulating to the report, [he had] been found to be a sexually violent predator by the Sexual Offenders Assessment Board." *Id.* at 4. The trial court considered the PSI on the record. *See id.* at 9. Thus, we do not disturb the trial court's discretion. *See Bricker*, 41 A.3d at 875; *Downing*, 990 A.2d at 794. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/21/2016